WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beau John Greene,<br><br>        Petitioner,<br><br>v.<br><br>Dora B. Schriro,<br><br>        Respondent. | No. CV-03-00605-TUC-FRZ<br><br>DEATH PENALTY CASE<br><br>**ORDER** |

      Pending before the Court is Beau John Greene's Stipulation for Order Allowing Confidential Contact Visit with Petitioner (Doc. 111). Mr. Greene's counsel and counsel for the Arizona Department of Corrections ("ADOC") have now stipulated to the terms of the order allowing a confidential contact visit between Mr. Greene and Dr. Donna Schwartz-Watts, a psychologist.

      Mr. Greene, through counsel, has requested that ADOC allow Dr. Schwartz-Watts to have a confidential contact visit with Mr. Greene. Mr. Greene, a death row inmate, is currently housed in Browning Unit, a maximum security prison facility located in the Arizona State Prison Complex, Eyman, in Florence, Arizona. Because of the nature of the prisoners housed in this facility, Browning Unit has a no-contact-visit policy absent a court order. The Ninth Circuit has held that ADOC's non-contact visitation policy at its

high security prisons is rationally related to its legitimate penological concerns. *Casey v. Lewis*, 4 F.3d 1516, 1523 (9th Cir. 1993) ("The ADOC policy is a reasonable response to the legitimate institutional concerns posed by full contact visitation: prevention of escape, assault, hostage-taking, and the introduction of contraband."). Mr. Greene, through counsel, acknowledges that ADOC has a legitimate penological interest in requiring that any contact visit be conditioned on following certain security measures. To assist this Court in determining the extent of the visitation/examination, as well as to protect ADOC's interest in securing its prisons, the limitations on the visit are listed below.

IT IS ORDERED that the Stipulation for Order Allowing Confidential Contact Visit with Petitioner is GRANTED.

IT IS FURTHER ORDERED that Dr. Donna Schwartz-Watts be permitted to have a confidential contact visit with Mr. Greene for psychological testing under the following terms:

1. Visitation shall take place on June 18, 2015, from 1:00 p.m. to 5:00 p.m.

2. Mr. Greene's counsel affirms that she made advance arrangements with the Warden at Arizona State Prison - Eyman Complex Browning Unit, or a designee, to schedule the visit for that day.

3. Mr. Greene's counsel affirms that the Warden, through his staff, has agreed that Dr. Schwartz-Watts is permitted to bring in writing instruments, blank paper, and assorted documents. The Warden, through his staff, may require Dr. Schwartz-Watts to subject all instruments, equipment, manuals, and the like to an inspection and inventory before and/or after any meeting with Mr. Greene.

4. If requested by Dr. Schwartz-Watts, the Warden, through his staff, shall remove handcuffs from Mr. Greene so that Mr. Greene may complete

certain tests. However, Mr. Greene shall at all times remain in leg irons. ADOC may require Mr. Greene to wear a stun belt during the meetings.

5. Both Mr. Greene and ADOC recognize that Mr. Greene's decision not to contest ADOC's practice of using a stun belt on Mr. Greene is due to the time constraints placed upon Mr. Greene's counsel and in no way constitutes a waiver of the "stun belt issue" in any future request for a contact visit in this case or in any other case. ADOC's willingness to stipulate hereto should not be considered a waiver of any aspect of ADOC's non-contact visitation policy.

6. Dr. Schwartz-Watts will be required to wear all protective gear, including any protective vest and/or safety goggles provided by ADOC. Dr. Schwartz-Watts will be allowed to wear a suit jacket over the protective vest. If requested, Dr. Schwartz-Watts shall be allowed to remove the protective vest and safety goggles if, in her opinion, the vest and/or the goggles interfere with the testing and evaluation of Mr. Greene.

7. The meetings between Mr. Greene and Dr. Schwartz-Watts shall be confidential and take place in a room that allows for privacy. The room in which the meetings take place shall have a door that remains closed during the meeting. The room may have windows which allow the Warden, through his staff, to observe the meeting. Dr. Schwartz-Watts shall sit in the chair closest to the door, and Mr. Greene shall not go between her and the door without permission. The room in which the meetings take place shall have three chairs and a table no larger than three feet in width.

8. Dr. Schwartz-Watts shall be allowed to have physical contact with Mr. Greene as is necessary to conduct testing.

9. Before being allowed the contact visit authorized herein, Dr. Schwartz-Watts shall certify in a written release to ADOC that she has investigated and ascertained the risks to her personal safety associated with the visit as authorized by and under the circumstances described in this order; that she agrees to assume those risks; that she releases and holds harmless ADOC, the state of Arizona, and their officers and employees from any claim arising from death or injury associated with the risks assumed. However, such release shall not operate as a release of gross negligence on the part of ADOC.

10. Dr. Schwartz-Watts shall submit her full name, date of birth and social security number to ADOC at least ten days before the scheduled examination of Mr. Greene. In the event that she has had a prior arrest or

conviction for any felony offense, she will not be permitted into the institution.

11. ADOC's willingness to stipulate to the contact visit hereto shall not be considered a waiver of any aspect of ADOC's non-contact visitation policy.

IT IS FURTHER ORDERED that the Clerk of Court forward a copy of this Order to counsel of record; to Michael Gottfried, Assistant Attorney General, Arizona Department of Corrections, 1275 West Washington, Phoenix, AZ 85007; and to Warden James O'Neil, Arizona State Prison, Eyman Prison Complex, Browning Unit, 4374 East Butte Avenue, Florence, Arizona 85232.

Dated this 8th day of June, 2015.

Frank R. Zapata
Senior United States District Judge

- 4 -